# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD W. LESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV59 HEA |
| | ) | |
| UNKNOWN TEAGUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a prisoner, sues defendants under 42 U.S.C. § 1983 for deprivation of property, excessive use of force, and deliberate indifference to his serious medical needs. Upon review of the amended complaint under 28 U.S.C. § 1915(e), the Court finds that the case should be partially dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

### The Complaint

Plaintiff is currently confined at the Northeast Correctional Center. At all times relevant to the complaint, he was confined at the Moberly Correctional Center ("MCC"). Defendants are officials at MCC.

Plaintiff alleges that he brought six CDs to MCC with him from another prison. Upon his arrival, defendant Unknown Teague confiscated the CDs. When plaintiff questioned Teague about the confiscation, Teague ordered that he be placed in administrative segregation. Plaintiff believes he has an "inalienable right" to possess the CDs.

Plaintiff was escorted to administrative segregation by defendants John Does 1 and 2. He complains that they were "trying to break his arms and wrists" by pushing his arms up behind his back during the walk to the unit. He says he threatened to hurt them and they stopped using force on him.

Plaintiff claims that he was placed in a suicide watch cell when he arrived in the segregation unit. He says defendant Unknown Thompson then sprayed mace on him for fifteen to twenty minutes until he was drenched in it. He claims that a Jane Doe nurse then washed his eyes out briefly and refused to wash his body. He says he suffered for four days.

### Discussion

The Court finds that the complaint states a plausible claim for relief against Unknown Thompson, Correctional Officer III. As a result, the Clerk is directed to attempt to serve process on Thompson.

Plaintiff's claim against defendant Teague for the taking of the CDs does not state a claim for relief under § 1983. *See Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004) (no due process violation cognizable under § 1983 because Missouri provides adequate postdeprivation remedy of replevin). Additionally, the taking implicated a valid security interest because the CDs could have been broken and used as sharp weapons or sold as such.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants Powelson, Minor, or Earls were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the Court will dismiss these defendants from the complaint.

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff has not made specific allegations that would allow the identity of the parties to be ascertained after reasonable discovery. As a result, the John Doe parties will be dismissed without prejudice. Should plaintiff learn the identities of any of these parties at a later time, he may move to amend the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendant unknown Thompson, Correctional Officer, III, Moberly Correctional Center.

**IT IS FURTHER ORDERED** that the remaining defendants are **DISMISSED** from the complaint.

An Order of Partial Dismissal will be filed separately.

Dated this 2nd day of October, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE