# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD LESLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:15CV59 HEA |
| MS. JANE DOE TEAGUE, et al., | ) ) | |
| Defendants. | ) ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff seeks leave to file an amended complaint. The motion is granted. Additionally, after review of the amended complaint, the Court finds that the Jane Doe nurse defendants should be reinstated or added so that plaintiff can attempt to discern their identities through discovery.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff alleges that defendant Thompson,[1] a correctional officer, sprayed him with pepper spray for about fifteen to twenty minutes. Plaintiff was in a suicide cell at that time, which he describes as a cement cell with no bedding or running water. Plaintiff claims that he also had shoulder, wrist, and hand injuries as a result of an altercation with other officers.

Plaintiff says he asked defendants Jane Does 1-7, each of whom are nurses, for help with his burns and injuries from December 18, 2014, through December 21, 2014. He alleges that Jane Doe 1 poured a small amount of water on his eyes after the incident occurred, but he says it was not enough to stop the burning or prevent eye damage. He claims that these defendants refused to let him shower, give him any treatment, or allow him to see a doctor. And he says that Jane Doe 7 kept him in the suicide cell to punish him.

Plaintiff claims that he has lost vision due to corneal scarring because of the lack of treatment.

## Discussion

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff says he can learn their identities by viewing his medical

---

[1] Plaintiff inadvertently left defendant Thompson out of the caption of the amended complaint. He does, however, reassert that Thompson sprayed him with pepper spray unnecessarily. Therefore, the Court finds that Thompson is still a party to this action.

records.  Therefore, the Court reinstates and/or adds defendants Jane Does 1-7.  If plaintiff learns their names, he must inform the Court as soon as possible.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 20] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to reinstate or add Jane Does 1-7 as defendants in this action.

Dated this 30th day of November, 2015.

                                          HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE