UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| RICHARD LESLEY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV59 HEA |
| | ) | |
| MS. JANE DOE TEAGUE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff moves for leave to file a fourth amended complaint. The motion is granted. Additionally, after review of the amended complaint under 28 U.S.C. § 1915(e), the Court finds that some of plaintiff's claims must be dismissed.

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has enunciated the following general standard, which is to be employed under Rule 15(a) by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court has reviewed the amended complaint and finds no reason why leave should not be granted. Therefore, the Court turns to review of the complaint under 28 U.S.C. § 1915(e).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

In addition to the claims the Court has addressed in previous Orders, plaintiff brings claims against Jeffery Ostemann, Dean Minor, Alan Earls, and ten John Does. Plaintiff alleges that Ostemann deliberately hurt his arms while he was handcuffed, causing severe trauma, and he further alleges that Ostemann put him in a suicide cell to punish him. He says that Minor and Earls denied his grievances. And he alleges that the John Doe defendants were deliberately indifferent to his serious medical needs.

Plaintiff's claim that Ostemann deliberately injured his arms states a plausible claim for relief. The Court will, therefore, direct the Clerk to serve process on him.

2

Plaintiff's claim regarding his assignment to a suicide cell, however, must be dismissed. There is no liberty interest in assignment to any particular prison, or housing unit within a prison; therefore, plaintiff has no due process claim. *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir.1996) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Moreover, plaintiff's claims regarding assignment to a suicide cell fail to state a claim under the Eighth Amendment. Conditions are not cruel and unusual merely because they are harsh or uncomfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To be cruel and unusual, the inmate must be deprived of one or more basic life necessities. *Brown v. Nix*, 33 F.3d 951 (8th Cir.1994). And there is no constitutional right not to be put in a cell without clothing or bedding. *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir.1995). As a result, this claim is dismissed.

Plaintiff's allegations against Minor and Earls fail to state a claim upon which relief can be granted. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). As a result, these defendants are dismissed.

Finally, fictitious parties generally may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, the allegations against the John Does are not sufficiently specific. As a result, the Court

will dismiss them without prejudice. If plaintiff is able to learn their identities during discovery, he may seek leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 28] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant Jeffery Ostemann.

**IT IS FURTHER ORDERED** that defendants Dean Minor, Alan Earls, and John Does 1-10 are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 5th day of January, 2016.

HENRY EDWAR AUTREY
UNITED STATES DISTRICT JUDGE