UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV59 HEA |
| | ) | |
| MS. JANE DOE TEAGUE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motions to Amend-Alter Summary Judgment and Plaintiff's Motion to Proceed to Motion to Alter or Amend Summary Judgment [Doc. No.'s 161 and 164]. The Motions are brought pursuant to Rule 59(e). For the reasons set forth below, the Motions are denied.

On March 10, 2017, the Court entered its Opinion, Memorandum and Order granting Defendants' Motion for Summary Judgment.

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617, n. 5 (2008).

1

Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder–Keep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider "cannot be used to raise arguments which could

have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). District courts have "broad discretion" in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at 413.

In his Motion, Plaintiff attempts to persuade the Court to grant relief from its findings which led to the conclusion that Defendants were entitled to summary judgment. Plaintiff has presented nothing new, nor has he pointed the Court to any mistake so severe as to establish manifest error under Rule 59(e). He has not pointed the Court to any circumstance from the record or otherwise to cause the court to grant the relief now sought. Instead he has reiterated the same arguments which were the basis of his complaint and response to the summary judgment motion. The Court articulated its reasoning in finding that Defendants were entitled to judgment as a matter of law. Nothing has changed, nor should the Opinion, Memorandum and Order in this matter be altered or amended under Rule 59(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Amend-Alter Summary Judgment and Plaintiff's Motion to Proceed to Motion to Alter or Amend Summary

Judgment [Doc. No.'s 161 and 164], are **DENIED**.

Dated this 15th day of December, 2017.

                                                  */s/ Henry Edward Autrey*
                                           HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE